# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA GONZALEZ,<br><br>    Defendant. | Case No. 15-CR-51-2-JPS<br><br>**ORDER** |

### 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited April 18, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited April 18, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In November 2023, Defendant Joshua Gonzalez ("Defendant") filed a motion to reduce his term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 235. Defendant explicitly references the Status Point Amendment and his "[c]riminal [h]istory" and "points" so the Court construes his motion accordingly. *Id.* at 1. Defendant also moves for appointment of counsel. *Id.* For the reasons stated below, the Court finds Defendant is not eligible for a sentence reduction under Amendment 821 and must deny his motion.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, violations of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), and 1951(a). ECF Nos. 71, 94. In January 2016, Defendant appeared before the Court for sentencing. ECF No. 153. For sentencing purposes, Probation ultimately calculated the applicable Guidelines as follows:

> Total Offense Level: 25
> Criminal History Category: I
> 57 to 71 months of imprisonment as to Counts Two, Six, and Ten; 84 months consecutive as to Count Seven

*Id.* at 2. Defendant was ultimately sentenced to a total term of one hundred thirty five (135) months of imprisonment to be followed by a five-year term of supervised release. *Id.* at 3; ECF No. 160 (judgment). Defendant is scheduled to be released from custody and into his term of supervised release in September 2025. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 18, 2024).

## 3. LEGAL STANDARD

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to some exceptions. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

4. **ANALYSIS**

Defendant does not fall within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. As noted above, the Status Point Amendment

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

permits a sentence reduction for offenders who received status points. Defendant did not have any status points. *See* ECF No. 139 at 16–18 (presentence investigation report). Accordingly, he is not eligible for a sentence reduction. U.S.S.G. § 4C1.1(a)(7).

5.  **CONCLUSION**

For the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821. Defendant's request for appointment of counsel is denied as moot. In the months remaining until his release, the Court encourages Defendant to focus his efforts on taking advantage of the rehabilitative and educational opportunities available to him in the prison setting.

Accordingly,

**IT IS ORDERED** that Defendant Joshua Gonzalez's motion to reduce his term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines and for appointment of counsel, ECF No. 235, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge